**Opinion filed June 23, 2011**



In The

# Eleventh Court of Appeals

_____

## No. 11-09-00354-CR

_____

## CHARLES DANIEL JOHNSON, JR., Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 35th District Court**

**Brown County, Texas**

**Trial Court Cause No. CR19965**

## M E M O R A N D U M   O P I N I O N

This is an appeal from an order of adjudication in which the trial court convicted Charles Daniel Johnson, Jr. of the offense of stalking and assessed his punishment at confinement for ten years. We affirm.

In his sole issue on appeal, appellant contends that the trial court abused its discretion in adjudicating guilt and imposing the maximum sentence for the offense of stalking in light of appellant's assertion that he was not guilty of stalking. Under this issue, appellant asserts that his

original plea of no contest was not made voluntarily and that his due process rights were violated because he was innocent.

A trial court is authorized to revoke a defendant's deferred adjudication community supervision and adjudicate his guilt on the original charge if the State proves by a preponderance of the evidence that the defendant violated any condition of his community supervision. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp. 2010); *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). Pursuant to Article 42.12, section 5(b), the scope of the hearing is "limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge." We review a trial court's decision to proceed with an adjudication of guilt for an abuse of discretion. A trial court does not abuse its discretion if the order revoking community supervision is supported by a preponderance of the evidence. *Rickels*, 202 S.W.3d at 763-64. A defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding in an appeal taken when deferred adjudication community supervision is first imposed, not in an appeal from a subsequent order of adjudication. *Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999).

Appellant originally pleaded no contest to the allegations in the indictment, and the trial court deferred the adjudication of appellant's guilt and placed him on community supervision. The State subsequently filed a motion to adjudicate, alleging that appellant had violated various terms and conditions of his community supervision. The trial court conducted a hearing and found that appellant had violated five of the terms and conditions as set out in the State's motion, including violating a protective order, failing to report, failing to pay fees, failing to complete community service restitution, and communicating with the young woman with whom he had been convicted of stalking. Appellant does not challenge these findings. Furthermore, the findings are supported by the evidence presented at the hearing.

Appellant complains that his due process rights were violated because the evidence presented at the adjudication hearing conclusively established his innocence of the offense of stalking. We disagree. The issue at the hearing was whether appellant violated the terms and conditions of his probation, not whether he was guilty of stalking. He had previously pleaded no contest to the offense of stalking. Moreover, the evidence presented at the hearing did not

2

establish his innocence of the offense of stalking. Appellant's rights to due process were not violated.

Appellant also complains of the trial court's assessment of the maximum sentence. When a defendant is adjudicated guilty, he is subject to the entire range of punishment for the offense. *Ditto v. State*, 988 S.W.2d 236, 238-39 (Tex. Crim. App. 1999). The range of punishment for the third degree felony of stalking is imprisonment for any term of not more than ten years or less than two years. TEX. PENAL CODE ANN. §§ 12.34, 42.072(b) (Vernon 2011). The sentence assessed in this case (ten years) was within that range. Generally, a penalty assessed within the statutory range of punishment established by the legislature will not be disturbed on appeal. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984).

We hold that the trial court did not abuse its discretion in adjudicating appellant's guilt or in assessing punishment. Appellant's issue is overruled.

The judgment of the trial court is affirmed.

PER CURIAM

June 23, 2011

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel[1] consists of: Wright, C.J.,
McCall, J., and Hill, J.[2]

---

[1]Rick Strange, Justice, resigned effective April 17, 2011. The justice position is vacant pending appointment of a successor by the governor.

[2]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.